# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| v. | (For a Petty Offense) |
| BOYD, WYATT T | CM/ECF Case No. 5:24-PO-00175-SP |
| 7198 TALASI DR | Case No.   CC10   9093166 |
| | USM No. |
| EASTVALE, CA 92880 | Jessaka Menzie, DFPD |
| | Defendant's Attorney |

**THE DEFENDANT:** BOYD, WYATT T

☒ **THE DEFENDANT** pleaded  ☒ guilty  ☐ nolo contendere to count(s) One

☐ **THE DEFENDANT** was found guilty on count(s) _____

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 13 (CVC 23152(b)) | Driving with Blood Alcohol Level of .08 or Higher | 2/12/2024 | One |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.

☐ **THE DEFENDANT** was found not guilty on count(s) _____

☒ Count(s) Two   ☒ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 1847

Defendant's Year of Birth: 1998

City and State of Defendant's Residence: EASTVALE, CA

July 11, 2024
Date of Imposition of Judgment

/s/ (signature)
Signature of Judge

Sheri Pym, United States Magistrate Judge
Name and Title of Judge

August 5, 2024
Date

Judgment — Page 2 of 5

DEFENDANT: BOYD, WYATT T
CASE NUMBER: CC10   9093166   CM/ECF Case No. 5:24-PO-00175-SP

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 4.

|        | **Assessment** | **Fine**   | **Restitution** | **Processing Fee** |
|--------|----------------|------------|-----------------|--------------------|
| TOTALS | $ 10.00        | $ 460.00   | $ 0.00          | $ 30.00            |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | **Total Loss\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|--------------------|-------------------------|----------------------------|
|                   |                    |                         |                            |
|                   |                    |                         |                            |
|                   |                    |                         |                            |
|                   |                    |                         |                            |
|                   |                    |                         |                            |
|                   |                    |                         |                            |
| **TOTALS**        | $ 0.00             | $ 0.00                  |                            |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution or a fine of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 4 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245I (Rev. 11/16)    Judgment in a Criminal Case for a Petty Offense
　　　　　　　　　　　Sheet 4 — Schedule of Payments

Judgment — Page  3  of  5

DEFENDANT: BOYD, WYATT T
CASE NUMBER: CC10   9093166    CM/ECF Case No. 5:24-PO-00175-SP

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

　　☐ not later than _____ , or
　　☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below); or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of probation will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

　　Criminal monetary penalties in the amount of $460 fine, $10.00 special assessment, and $30.00 processing fee a total of $500.00 payable to Central Violations Bureau to be paid during the term of probation.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

　　Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):  0.00

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

AO 245I (Rev. 11/16)  Judgment in a Criminal Case for a Petty Offense
                      Sheet 5 — Probation

Judgment—Page 4 of 5

DEFENDANT: BOYD, WYATT T
CASE NUMBER: CC10    9093166    CM/ECF Case No. 5:24-PO-00175-SP

## PROBATION

You are hereby sentenced to probation for a term of:

Defendant shall be placed on formal probation for a period of Three (3) year's. The Court will consider Unsupervised Probation, with no violations pursuant to 18 U.S.C. § 3564(c), after Eighteen (18) months upon motion by Defendant or counsel. Moving for early termination shall constitute a breach of this plea agreement.

### MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245I (Rev. 11/16)    Judgment in a Criminal Case for a Petty Offense
Sheet 5B — Probation Supervision

Judgment — Page  5  of  5

DEFENDANT: BOYD, WYATT T
CASE NUMBER: CC10 9093166  CM/ECF Case No. 5:24-PO-00175-SP

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall be placed on formal probation for a period of Three (3) year's. The Court will consider Unsupervised Probation, with no violations pursuant to 18 U.S.C. § 3564(c), after Eighteen (18) months upon motion by Defendant or counsel. Moving for early termination shall constitute a breach of this plea agreement.

1) Defendant shall comply with the rules and regulations of the United States Probation Office and Second Amended General Order 20-04.

2) General condition of supervision no. 4, travel restriction, does not apply while defendant is on Active Duty.

3) Defendant shall install an ignition interlock device on his vehicle and pay for this service for the duration of his probation term; however, this term does not apply while defendant is on Active Duty.

4) Defendant shall abstain from any use of alcohol and unlawful use of any controlled substance.

5) Defendant shall participate in an outpatient alcohol treatment and counseling program that includes urinalysis, saliva, breath or sweat patch testing, as directed by the Probation Office; however, this term does not apply while defendant is on Active Duty.

6) As directed by the Probation Officer, the offender shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of supervision. The offender shall provide payment and proof of payment as directed by the Probation Officer. If the offender has no ability to pay, no payment shall be required.

7) Defendant shall submit to a blood alcohol test upon request by any peace officer with reasonable suspicion defendant is driving under the influence.

8) Defendant shall not drive a motor vehicle with any measurable amount of alcohol in his system.

9) Defendant shall not operate a motor vehicle without a valid driver's license.

10) Defendant shall pay a total monetary sanction of $500, consisting of a $460 fine, $10 mandatory special assessment, $30 processing fee, during the period of Supervision as directed by the Probation Office.

11) While on active duty, defendant may communicate with Probation via VTC or telephone as directed by Probation, rather than in person.

12) Defendant shall report telephonically to the U. S. Probation Office located at 312 N. Spring Street, Suite 600, in Los Angeles, California 90012, telephone number 213-894-3600, no later than 12 noon on Monday July 15, 2024.